UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LEE MCDANIEL PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00010-WTL-DKL |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Second Amended Complaint, Dismissing Insufficient Claims,
and Directing Service of Process**

**I.      Screening**

**A.  Background**

The plaintiff has paid the initial partial filing fee. He filed an amended complaint on February 16, 2016, and then he filed a second amended complaint on March 1, 2016. Any amended complaint completely supersedes a prior complaint, so the Court shall now screen the operative complaint, the second amended complaint filed on March 1, 2016, in accordance with 28 U.S.C. § 1915A(b).

The plaintiff, Lee Parker, is a federal inmate confined at the United States Penitentiary in Terre Haute, Indiana ("USP-TH"). He names the following defendants: 1) United States of America; 2) Warden Charles A. Daniel; 3) A. Rupska, Health Services Administrator; 4) William E. Wilson, Clinical Director; 5); L.P.N. Jessica Sawyers; 6) R.N. David Decker; 7) Dr. Kimberly Alumbaugh; 8) R.N. Trisha Haddix; 9) P.A. Roger Cox; 10) Mrs. K. Jackson, Medical Records Supervisor; 11) Mrs. K. Huebner; and 12) R.N. Barbra Scharff. This is a civil rights complaint brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*,

403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (FTCA). The plaintiff's claims against the individual defendants are claims of deliberate indifference to a serious medical need brought under the Eighth Amendment to the Constitution of the United States. The plaintiff seeks compensatory and punitive damages and injunctive relief.

## B. Allegations

The plaintiff alleges that on February 16, 2015, he lost vision in his left eye while he was sleeping. At the time he was a federal prisoner incarcerated at a county jail in Georgia. He is also diabetic. A physician in Georgia told him that he had suffered ruptured blood vessels in his left eye and needed surgery within seven days. He alleges no treatment was provided in Georgia or in Oklahoma where he was transferred next. Upon his arrival at the USP-TH on March 30, 2015, the plaintiff told L.P.N. Jessica Sawyers and P. A. Mata at intake about the need for immediate surgery on his left eye and the types and brand of medication he needed to control his diabetes. Nurse Sawyers told him she would make sure that an appointment was made with the Clinical Director for further evaluation. The plaintiff was scheduled to be seen by the Clinical Director.

On March 31, 2015, at 3:30 a.m., the plaintiff's blood sugar dropped. The responding nurse told staff that the plaintiff needed a glucose meter to help keep his blood sugar under control. The plaintiff alleges that he did not receive one for six months. Many of his low blood sugar events were not documented by staff because they did not provide the plaintiff with a glucose meter.

The plaintiff was scheduled for eye surgery on June 4, 2015. That day, the plaintiff went to medical to obtain his daily dose of insulin. The plaintiff told Nurse Sawyers that he was a type one diabetic and he could not go long periods of time without his insulin. Nurse Sawyers told him that the surgeon's office would provide him with his insulin medications. No insulin was provided

after surgery, the plaintiff became sick, and he was rushed back to the prison where he received insulin.

After surgery, the plaintiff was given a patch of gauze and tape to keep over his eye because it was draining. When he needed more gauze and tape to change the patch, Nurse Sawyers denied his request.

On July 8, 2015, the plaintiff saw the prison optometrist Dr. Kimberly Alumbaugh. He told Dr. Alumbaugh that his left eye was still burning and aching, light made it hurt, and there was blood in his eye. Dr. Alumbaugh told him that the blood he was seeing was normal. When the plaintiff asked for copies of his medical records, he discovered that no record of that appointment existed. He then started noticing that his sick call complaints were not being documented. He alleges he complained often about his eyes. He also complained about the need to have his glasses tinted darker because his left eye was light sensitive after surgery and on August 28, 2015, Health Administrator A. Rupska took his dark glasses that were prescribed by the surgeon.

The plaintiff alleges that he has met several times with A. Rupska and P.A. Cox about what insulin he should be using. He alleges that he discovered that the prison had not been giving him the insulin he told prison staff he needed to take when he arrived. P.A. Cox promised the plaintiff that the insulin he prescribed, Lantus, would lower his blood sugars and he would require less by injection. The plaintiff alleges that while he was on Lantus, his blood sugars stayed elevated and caused him to fall and hit his head on December 23, 2015.

The plaintiff further alleges that medical staff made a false allegation to have him placed on administrative segregation on February 2, 2016, in the Secured Housing Unit ("SHU"). He fears for his life in the SHU because inmates have been killed there. He alleges that he is always the last one to eat and his meals are cold because he has to wait on medical staff to bring him his insulin.

On one occasion on February 3, 2016, the plaintiff had a low blood sugar attack and even though Nurse Scharff was in the SHU, it took medical staff fifteen minutes to respond.

He alleges that P.A. Cox wrote a medical duty status sheet informing officers not to cuff the plaintiff in the back because he needs surgery on his left shoulder. It was placed on his cell so officers would know to only use front cuffs. The plaintiff alleges that Nurse Nimz took the medical duty status sheet down to "get back at" him. He also alleges it is difficult to obtain indigent stamps for legal mail from the SHU.

The plaintiff states that he has sent grievances to Warden Daniels for months about medical staff problems and their retaliatory actions. He also tried to talk to Warden Daniels about what medical staff has been doing, but the Warden told the plaintiff to talk to S.I.S. investigators.

### C. Insufficient Claims

Some of the plaintiff's claims are legally insufficient, while some will be allowed to proceed, as discussed below:

The plaintiff's constitutional claims may only be asserted against the federal actors who personally participated in alleged wrongdoing. The plaintiff's claim against Warden Daniels is that the Warden has failed to respond to his complaints about medical staff. The Warden is named as a defendant because of his position at the prison. This claim is **dismissed for failure to state a claim upon which relief can be granted** because "a defendant cannot be liable under *Bivens* on the basis of respondeat superior or supervisory liability, rather, there must be individual participation and involvement by the defendant." *Arnett v. Webster,* 658 F.3d 742, 757 (7th Cir. 2011).

To state an Eighth Amendment claim of deliberate indifference against any defendant, the plaintiff must allege facts that permit an inference that the defendant knew about a substantial risk

to the plaintiff's serious medical needs but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 8374 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011). There are no allegations in the second amended complaint that rise to the level of deliberate indifference against defendants William E. Wilson, David Decker, Dr. Kimberly Alumbaugh, Trisha Haddix, Mrs. K. Jackson, Mrs. K. Huebner, and Nurse Scharff. The claims against these defendants are **dismissed for failure to state a claim upon which relief can be granted.**

The claim against Health Services Administrator Rupska is that Mr. Rupska took the plaintiff's tinted glasses more than two months after his surgery. Mr. Rupska has also met with the plaintiff several times to discuss his insulin. None of the allegations relating to Mr. Rupska support an inference that he was deliberately indifferent to the plaintiff's serious medical needs. Therefore, the claim against Mr. Rupska is **dismissed for failure to state a claim upon which relief can be granted.**

The allegations against Nurse Sawyers are that she told him she would make sure that an appointment was made with the Clinical Director (which was done), she told him that surgical staff would give him his insulin after surgery (which did not happen), and she did not give him gauze and tape to replace his eye patch after surgery. None of these allegations state a claim of deliberate indifference. Therefore, the claim against Nurse Sawyers is **dismissed for failure to state a claim upon which relief can be granted.**

No partial final judgment shall issue at this time as to the claims that are dismissed in this Entry.

### D. Claims That Shall Proceed

The plaintiff alleges that receiving the wrong insulin nearly caused him to go into a diabetic coma. The plaintiff's claim that P.A. Roger Cox persisted in giving him a brand of insulin knowing that it was not effective, in violation of the Eighth Amendment, shall proceed.

The Court discerns that the plaintiff brings a Federal Tort Claim of negligence against the United States for failing to properly document and maintain his medical records and requests for care, and for failing to provide adequate medication and other treatment for his diabetes.

If the plaintiff believes that he asserted any additional claims which were not recognized in this Entry he should notify the Court of this fact by no later than **April 29, 2016.**

### II. Service of Process

**The clerk is designated** pursuant to Rule 4(c)(3) of the *Federal Rules of Civil Procedure* to issue process to defendants 1) United States of America, and 2) Roger Cox, physician's assistant, and the officials designated pursuant to Rule 4(i)(1) and 4(i)(3). Process shall consist of a summons, which shall be served with a copy of the second amended complaint (with attachments) filed on March 1, 2016 (docket 10), and a copy of this Entry by the Marshal for this District or his deputy, at the expense of the United States.

**The clerk shall update the docket** to reflect the dismissal of all defendants except the United States of America and Roger Cox.

**IT IS SO ORDERED.**

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 3/31/16

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

LEE MCDANIEL PARKER
97323-020
TERRE HAUTE - USP
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204