UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LEE MCDANIEL PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00010-WTL-DKL |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Fourth Amended Complaint, Dismissing Insufficient Claims,
and Directing Service of Process**

### I.    Screening

**A.  Background**

The plaintiff's motion to amend his complaint [dkt. 32] is **granted.** The clerk shall **separate and re-docket the proposed Fourth Amendment Complaint (docket 32-1),** filed on July 11, 2016. Any amended complaint completely supersedes a prior complaint, so the Court shall now screen the fourth amended complaint, in accordance with 28 U.S.C. § 1915A(b).

The plaintiff, Lee Parker, is a federal inmate confined at the United States Penitentiary in Terre Haute, Indiana ("USP-TH"). He names the following defendants: 1) United States of America; 2) Warden Charles A. Daniel; 3) R.N. Barbra ("Beth") Scharff; 4) R.N. Joseph May; 5) P.A. Roger Cox; 6) A. Rupska, Health Services Administrator; 7) David Royer, Unit Manager; 8) Amber L. Nelson, Acting Regional Director; and 9) Ian Connors, Administrator of Inmate National Appeals.

This is a civil rights complaint brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28

U.S.C. § 2671, *et seq*. (FTCA). The plaintiff's claims against the individual defendants are claims of deliberate indifference to a serious medical need brought under the Eighth Amendment to the Constitution of the United States and First Amendment retaliation and denial of access claims. The plaintiff seeks compensatory and punitive damages.

### B. Allegations

The plaintiff alleges that on February 16, 2015, he lost vision in his left eye while he was a federal prisoner incarcerated at a county jail in Georgia. He is also diabetic. Although he needed immediate surgery, he was transferred to an Atlanta FCC and later to the Oklahoma City FTC. Upon his arrival at the USP-TH on March 30, 2015, the plaintiff was evaluated by medical staff and was referred to an independent eye specialist. Surgery was performed on June 4, 2015, by Dr. Minturn. Prescription eye glasses were issued and the plaintiff was directed to wear the darkened eye glasses at all times to aid in the healing process and avoid further eye damage.

The plaintiff alleges that on March 31, 2015, he was told he would receive a glucose meter to help keep his blood sugar under control, but he did not receive one for six months. Many of his low blood sugar events were not documented by staff because A. Rupska delayed providing the glucose meter. A. Rupska delayed this because the plaintiff had filed grievances about receiving the wrong type and amount of insulin. A. Rupska also retaliated against the plaintiff by seizing his prescription glasses provided by Dr. Minturn. A. Rupska's refusal to provide the proper type and amount of insulin resulted in his blood sugar getting out of control and the plaintiff experiencing nausea, light headedness, dim vision, and occasional syncope. The plaintiff further alleges that A. Rupska made a false allegation to have him placed on administrative segregation on February 2, 2016, in the Secured Housing Unit ("SHU").

On December 23, 2015, Nurse Scharff refused to give the plaintiff his evening dose of insulin. Afterward, the plaintiff fell and hit his head on his metal bed frame. Nurse Scharff continued to refuse to examine him or give him an injection of insulin. The plaintiff then learned that defendants Rupska and P.A. Roger Cox had changed the insulin recommendation in the plaintiff's chart without consulting with a medical doctor and in contradiction of his treating physicians' recommendation.

The plaintiff further alleges that nurse Joseph May refused to provide him with proper insulin on January 30, 2016, in retaliation against the plaintiff.

The plaintiff alleges that he sent grievances to defendants Daniels, Nelson, and Connors, but they refused to intercede and override the actions of the medical defendants. Defendant David Royer allegedly refused to accept grievances that the plaintiff attempted to file. Mr. Royer also allegedly refused to provide the plaintiff with sufficient postage stamps when he was in the SHU, in an attempt to prevent the plaintiff from pursuing lawsuits against prison staff. The plaintiff obtained stamps from other inmates.

### C. Insufficient Claims

Some of the plaintiff's claims are legally insufficient, while some will be allowed to proceed, as discussed below:

The plaintiff's constitutional claims may only be asserted against the federal actors who personally participated in alleged wrongdoing. The plaintiff's claims against Warden Daniels, Amber Nelson, and Ian Connors are that they failed to respond to his grievances by overriding the actions of medical staff. These claims are **dismissed for failure to state a claim upon which relief can be granted** because "a defendant cannot be liable under *Bivens* on the basis of respondeat superior or supervisory liability, rather, there must be individual participation and

involvement by the defendant." *Arnett v. Webster,* 658 F.3d 742, 757 (7th Cir. 2011). These defendants do not have medical expertise and therefore cannot be liable for the actions of the medical personnel.

The claim of denial of access to the courts asserted against David Royer is **dismissed for failure to state a claim upon which relief can be granted.** The alleged refusal to accept grievances or provide postage stamps did not result in any injury, meaning that "some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). *See also Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir.2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights ….").

No partial final judgment shall issue at this time as to the claims that are dismissed in this Entry.

### D. Claims That Shall Proceed

The Eighth Amendment claims of deliberate indifference to a serious medical need shall proceed against defendants A. Rupska, Barbara "Beth" Scharff, nurse Joseph May, and P.A. Roger Cox. The First Amendment claims of retaliation shall also proceed against defendants Rupska and May.

For the time being, the Court shall allow a Federal Tort Claim of negligence to proceed against the United States.

If the plaintiff believes that he asserted any additional claims which were not recognized in this Entry, he should notify the Court of this fact by no later than **August 19, 2016.**

Defendants United States of America and P.A. Roger Cox have already appeared in this action. They shall have **through August 19, 2016,** in which to answer or otherwise respond to the fourth amended complaint.

## II. Service of Process

**The clerk is designated** pursuant to Rule 4(c)(3) of the *Federal Rules of Civil Procedure* to issue process to defendants 1) A. Rupska, 2) Barbara "Beth" Scharff, 3) Joseph May, and the officials designated pursuant to Rule 4(i)(1) and 4(i)(3). Process shall consist of a summons, which shall be served with a copy of the fourth amended complaint filed on July 11, 2016, and a copy of this Entry by the Marshal for this District or his deputy, at the expense of the United States.

**The clerk shall update the docket** to add the defendants 1) Health Services Administrator A. Rupska, 2) Barbara "Beth" Scharff, and 3) nurse Joseph May.

**IT IS SO ORDERED.**

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 7/20/16

Distribution:

LEE MCDANIEL PARKER
97323-020
TERRE HAUTE - USP
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.