UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LEE MCDANIEL PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:16-cv-00010-WTL-DKL |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction**

The plaintiff's motion for temporary restraining order and preliminary injunction, the defendants' response thereto, and the plaintiff's reply have been considered.

The plaintiff, Lee McDaniel Parker, alleges that the defendants are denying him treatment for his serious medical care. He alleges that his blood sugar is not being properly monitored, which could lead to blindness. He further alleges that during the past few weeks, following his insulin injections, he has experienced a burning sensation throughout his body. His blood sugar count has been out of control for the past few weeks, remaining in the area of 300 to 400, even after receiving an injection and without having eaten any food. He alleges that he was hospitalized from September 11, through September 13, 2016, because of his high blood sugar. It is his belief that medical personnel are injecting a foreign substance into his body when he receives his daily insulin injections. Specifically, he asks the Court to order the defendants to provide him with his own individual vials of insulin and the equipment required to properly monitor his blood sugar count.

To succeed in obtaining preliminary injunctive relief, the plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm if preliminary relief is not granted, that the balance of equities tips in his favor, and that it is in the public interest to issue an injunction. *United States v. NCR Corp.,* 688 F.3d 833, 837 (7th Cir. 2012). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The movant bears the burden of proving his entitlement to such relief. *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999).

The relevant underlying claim in this action is whether the defendants have been deliberately indifferent to Mr. Parker's diabetes and eye condition. To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 8374 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011). "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014).

The defendants have responded by discussing the medical care that Mr. Parker has received during the past five months at the United States Penitentiary in Terre Haute. The defendants have investigated Mr. Parker's fears that someone is tampering with his insulin and found nothing to substantiate those claims. In response to Mr. Parker's complaints of burning sensations, medical personnel have requested new vials of insulin from the pharmacy. On

September 25, 2016, the nurse on duty pulled a brand new vial of insulin from the refrigerator, opened the box in front of Mr. Parker, and administered the ordered insulin as directed. The defendants have taken Mr. Parker's concerns seriously but have found that no saline or other foreign substance is being injected with his insulin.

With regard to Mr. Parker's request to have insulin and syringes in his cell, the defendants have raised serious safety and security concerns which would prevent that from being allowed. Syringes could be used as weapons. Other inmates could use the insulin to harm Mr. Parker or others. Mr. Parker already has a personal glucometer and testing supplies which he uses to check his blood glucose throughout the day. It is in Mr. Parker's best interest to have him receive his insulin from medical staff who can monitor his blood glucose and make sure that he is receiving the appropriate dose each time.

In light of the above circumstances, Mr. Parker has not shown that he is likely to succeed on the merits with regard to his claim that a foreign substance is being injected into his body. Moreover, it is not in the public interest, or his own interest, to allow him to have access to his own insulin and syringes in his cell. Indeed, it appears that Mr. Parker would be more likely to suffer irreparable harm if his request for preliminary injunctive relief were granted, not if his request is denied. The balance of equities does not tip in his favor when considering the relief he seeks.

For these reasons, the plaintiff's motion for temporary restraining order and preliminary injunction [dkt. 48] is **denied.**

**IT IS SO ORDERED.**


Date: 11/1/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LEE MCDANIEL PARKER
97323-020
TERRE HAUTE - USP
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically registered counsel