UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LEE MCDANIEL PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:16-cv-00010-WTL-DKL |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Denying Plaintiff's Motion to File Fifth Amended Complaint**

The plaintiff's motion to file fifth amended complaint, filed on February 21, 2017 [dkt. 96], has been considered. The plaintiff's original complaint was filed on January 8, 2016. In the Entry of January 12, 2016, the Court dismissed claims brought against a number of the defendants because they lacked minimum contacts with Indiana. Dkt. 3. The plaintiff filed an amended complaint on February 16, 2016, and a second amended complaint on March 1, 2016. On March 31, 2016, the Court screened the second amended complaint in accordance with 28 U.S.C. § 1915A(b). Dkt. 18. A number of claims, including those against Warden Daniels, William E. Wilson, and other defendants, were dismissed for failure to state a claim upon which relief can be granted. Claims against the United States and PA Cox were allowed to proceed.

On July 9, 2016, the plaintiff sought leave to file another amended complaint. Dkt. 28. He tendered a third amended complaint, but the Court directed him to file a fourth amended complaint that included all of his claims in a single document and that did not include claims that had already been dismissed. Dkt. 29.

On July 11, 2016, the plaintiff filed a fourth amended complaint. The Court screened the fourth amended complaint on July 20, 2016, allowing additional claims to proceed against defendants Rupska, Scharff, and May, along with the claims against PA Cox and the United States. Dkt. 34. The defendants have answered the fourth amended complaint and have filed motions for summary judgment which are now fully briefed.

Rule 15 of the *Federal Rules of Civil Procedure* provides that after an answer is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2). "The court should freely give leave when justice so requires." *Id.* In this instance, the opposing parties have opposed the amendment. Dkt. 102. Therefore, the Court must determine whether justice requires the Court to grant leave.

"The Supreme Court has interpreted [Rule 15(a)(2)] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.,* 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Heng v. Heavner, Beyers & Mihlar, LLC,* 849 F.3d 348, 354 (7th Cir. 2017) ("District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.") (internal quotation omitted).

The plaintiff's motion to file yet another amended complaint comes more than a year after the action was initially filed. The plaintiff's proposed fifth amended complaint alleges a new claim that he has been infected with Hepatitis C through contaminated insulin vials. It is not appropriate for the plaintiff to continue to attempt to add claims that have arisen *since* the case was opened as a sort of running commentary on his medical treatment in prison. Moreover, the

attachments to his proposed fifth amendment indicate that the plaintiff has only recently been diagnosed with Hepatitis C. Dkt. 96-2. Any claims of deliberate indifference relating to a "new" condition should be brought in a new action.

In the proposed fifth amended complaint, the plaintiff also alleges that Dr. William E. Wilson was informed on June 25, 2016, by an emergency room physician that the plaintiff needed surgery within 24 hours, but Dr. Wilson failed to obtain the surgery until June 29, 2016. The plaintiff has not alleged facts that amount to deliberate indifference on the part of Dr. Wilson. Negligence is not sufficient to state a claim under the Eighth Amendment. In addition, the medical record attached to the fifth amended complaint, does not support the plaintiff's allegations. Dkt. 96-4. The hospital chart indicates that on June, 26, 2016, the ophthalmologist covering for Dr. Minturn was contacted. "He [the ophthalmologist] will direct when he will see the patient, which is either today or tomorrow." *Id.* at p. 3. The patient "should be seen in about a 24-hour period." *Id.* "Dr. Eric Wilson is aware of this plan." *Id.* Even assuming Dr. Eric Wilson and Dr. William Wilson are the same person, this claim against Dr. William Wilson would be dismissed for failure to state a claim and therefore such an amendment would be futile.

In light of the posture of the case with fully briefed summary judgment motions, the plaintiff's ample prior opportunities to amend the complaint, the fact that the proposed claims are misjoined or futile, and the lack of good cause for a fifth amendment, the Court finds that justice does *not* require that it grant leave to amend at this stage in the litigation. The plaintiff's motion to file a fifth amended complaint [dkt. 96] is **denied** because of undue delay, futility, and undue prejudice. The operative complaint remains the fourth amended complaint.

**IT IS SO ORDERED.**

Date: 3/28/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LEE MCDANIEL PARKER
97323-020
TERRE HAUTE - USP
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically registered counsel